George P. Stier, J.
In an action to recover $6,219.25, the alleged deficiency remaining after the foreclosure of a chattel mortgage and sale thereunder, plaintiffs move for summary judgment striking out the answers of the defendants and dismissing their counterclaims, and also, pursuant to rule 109 of the Rules of Civil Practice, to dismiss the first separate defense and counterclaim interposed by the defendant Boyd against the plaintiff Emil Yollers, and the fourth separate and affirmative defense and counterclaim interposed by the defendants Globerman on the ground that said counterclaims, or any of them, do not state facts sufficient to constitute a cause of action.
Plaintiff claims that the chattel mortgage which was foreclosed was given to secure payment of a portion of the purchase price, represented by a series of promissory notes, of the restaurant and luncheonette business located in Mineóla, New York, which they sold to the defendant Boyd, who thereafter sold same to the defendant D’Auria, who in turn sold same to the defendants Globerman. Default in the payment of note number 10, which became due and payable on May 9, 1956, resulted in the exercise by the plaintiffs, as the holders of said notes, of their option that the entire amount of the notes remaining unpaid, totalling $6,450 with interest, became immedi *152 ately due and payable in accordance with acceleration clauses contained in said notes and chattel mortgage. Each of the defendants was given notice of the default by registered mail that the balance became due under the acceleration clauses and immediate possession of the goods, chattels and fixtures covered by the mortgage was demanded. This was followed by the foreclosure of the chattel mortgage by the plaintiffs on or about June 1, 1956 and their taking possession of the premises and the chattels therein covered by the chattel mortgage, which had been abandoned by the defendants G-loberman. On June 14, 1956, the plaintiffs caused to be sent to each of the defendants a notice of sale of said chattels over the signature of an auctioneer, advising the defendants that the contents of the premises and the fixtures covered by said mortgage would be sold at public auction at the premises on June 20, 1956 at 10:00 a.m. in the forenoon of that day. Notice of said sale was also posted in three public places within the Town of North Hemp-stead and the notice was published in the New York Herald Tribune in its issue of June 20, 1956. On that day, the chattels contained in the premises were sold at public auction to the plaintiff Emil Yollers, the highest bidder, for the sum of $1,000, and the cost and expenses of said sale amounted to $454.
The separate defense and counterclaim of the defendant Boyd, which plaintiffs seek to dismiss for legal insufficiency, alleges, in substance, that the plaintiff Emil Yollers willfully, maliciously and with intent to damage the business of the defendant Boyd, poured vinegar into the soup which said defendant was selling to his customers; that the defendant, without knowing of said action on the part of this plaintiff, served the soup to customers at his restaurant and such customers, upon taking the soup, returned it to said defendant, complaining thereof, and that as a result said defendant was damaged in the sum of $10,000.
Assuming the truth of these allegations, the court is of the opinion that there is sufficient to allege a cause of action for damages in tort, but insufficient as a defense to this action. The motion to dismiss this affirmative matter is, therefore, denied insofar as it alleges a counterclaim and granted insofar as it purports to allege a defense for these facts, if true, may sustain a recovery by way of offset and not by way of defense to the causes of action alleged in the complaint.
As for the fourth defense and counterclaim alleged in the respective answers of the defendants Globerman, the court is of the Opinion that the affirmative matter therein alleged is insufficient as counterclaims. They are sufficient, however, as *153 a matter of pleading, as defenses to the action insofar as it is claimed that an inadequate notice of sale was given and an inadequate price obtained at such sale. (McKinney v. Donahue, 59 N. Y. S. 2d 726, 727; Ever-Ready Label Corp. v. Stuyvesant Photo Engraving Corp., 36 N. Y. S. 2d 468, 472.)
Section 239-d of the Lien Law, moreover, provides in pertinent part: ‘ ‘ that the mortgagor may have the reasonable value of the goods at the time of the sale determined in any action or proceeding brought by the mortgagee to recover the deficiency, the sale price being prima facie but not conclusive evidence of such reasonable value, and the said reasonable value as determined, or the sale price, whichever shall be.higher, shall be credited to the mortgagor on account of his indebtedness.”
Accordingly, the motion to strike said affirmative matter is granted insofar as it purports to allege counterclaims and denied insofar as it alleges defenses. In view of said defenses and the papers submitted by all parties, issues of fact are presented which may not be determined summarily on affidavits. Plaintiffs’ motion for summary judgment is accordingly denied.
Submit order.